IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA

v.  CASES NO. 5:16cr17-RH-EMT
 5:18cv174-RH-EMT

MICHAEL JOSEPH WARD,

      Defendant.

_____/


## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

      A jury convicted the defendant Michael Joseph Ward on three counts: a drug trafficking offense (count one), possessing firearm in furtherance of the drug trafficking offense (count two), and possessing firearms and ammunition as a convicted felon (count three). He was sentenced and appealed. The United States Court of Appeals for the Eleventh Circuit affirmed.

      Mr. Ward now has moved for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 88. No objections have been filed.

Mr. Ward asserts three grounds for relief. This order adopts the report and recommendation as the court's opinion on grounds two and three and adds the following analysis of ground one.

In ground one, Mr. Ward asserts ineffective assistance of counsel. To prevail on an ineffective-assistance claim, a defendant must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Ward asserts his attorney provided incorrect information prior to trial about the guideline range that would apply if he went to trial and lost or, alternatively, pleaded guilty. Mr. Ward went to trial, but he says that had the attorney provided accurate guideline information, he would have pleaded guilty. On the facts of this case, the assertion is implausible.

Under the United States Sentencing Guidelines Manual, counts one and three were grouped. On count two, the governing statute required a consecutive sentence of at least 60 months, and the guideline range was not a range but a single point: 60 months. The overall guideline range on all three counts was the range on counts one and three increased by 60 months.

The record includes a detailed letter the attorney sent Mr. Ward for his consideration as he decided whether to go to trial or plead guilty. The attorney estimated a total offense level of 24 on counts one and three before any reduction

for acceptance of responsibility. The attorney estimated a criminal history category of III but said her information was incomplete so the actual criminal history category might turn out to be higher.

With an offense level of 24 and criminal history category of III, the guideline range on counts one and three would be 63 to 78 months. The overall guideline range would be 123 to 138 months. With a three-level decrease for acceptance of responsibility—likely but not guaranteed if Mr. Ward pleaded guilty—the offense level on counts one and three would be 21, the range on those counts would be 46 to 57 months, and the overall range would be 106 to 117 months. Mr. Ward chose to go to trial, thus risking an anticipated 17-month increase in the low end of the guideline range—the difference between 123 and 106.

As it turned out, the attorney's estimate of the offense level was too high, and her estimate of the criminal history category was too low—her information on prior convictions turned out to be incomplete, just as she said it might. The offense level on counts one and three, before any reduction for acceptance of responsibility, was 21. The criminal history category was IV. This produced a guideline range on those counts of 41 to 51 months. The overall range was 101 to 111 months. Had Mr. Ward pleaded guilty and received a three-level decrease for acceptance of responsibility, the offense level on counts one and three would have

been 18, the guideline range on those counts would have been 30 to 37 months, and the overall range would have been 90 to 97 months. By going to trial, Mr. Ward risked not a 17-month increase in the low end of the range, as the attorney's letter suggested, but only an 11-month increase.

It is not clear why the attorney estimated the offense level as she did. The error in the criminal history estimate is more easily explained: incomplete information. In any event, the letter made clear the guideline estimates were just that—estimates. It happens more often than not that an attorney is uncertain of the guideline range at that stage of a case. And even with a known guideline range, a defendant in this district cannot be certain of the sentence, which is always left up to the judge. The attorney correctly advised Mr. Ward that the judge would not be required to impose a sentence within the guideline range.

Told the low end of the guideline range might be 17 months longer if he went to trial and lost, Mr. Ward decided to take the risk; he went to trial. As it turns out, the low end of the range was only 11 months longer for going to trial. Mr. Ward has not explained why, if he was willing to risk an additional 17 months by going to trial, he would have been unwilling to risk an additional 11 months.

To be sure, a defendant properly considers not just the additional time that might result from going to trial but also the total sentence. Mr. Ward says the attorney's advice led him to believe he was looking at too much time—that he had

no real choice but to go to trial. But Mr. Ward does not explain why 106 months, the low end of the range he would face on a guilty plea under the attorney's calculation, was too long, while 90 months, the low end of the range an attorney could have predicted with perfect knowledge, would have been acceptable. And he does not explain why, if 106 months was so long that he had no choice but to go to trial, he would have pleaded guilty had he known the actual range, with its high end of 97 months. These numbers are too close together, especially given the inherent uncertainty both in the guideline range and the judge's ultimate discretion, to make Mr. Ward's after-the-fact analysis plausible.

The unavoidable fact is that Mr. Ward knew he was facing a substantial sentence if he pleaded guilty, a somewhat longer sentence if he went to trial and lost, but no sentence if he went to trial and won. He decided to go for the brass ring.

Mr. Ward also speculates that the government might have sweetened the pot in exchange for a guilty plea. Mr. Ward has proffered no factual support for the assertion, which is flatly inconsistent with the government's consistent practice in this district. Nothing in this record gives the slightest support for Mr. Ward's assertion that he could have pleaded guilty to anything other than offenses with the same guideline range and same relevant sentencing factors as the offenses of which he was ultimately convicted.

In sum, Mr. Ward has offered nothing more than a facially implausible, self-serving assertion that he would have pleaded guilty had his attorney correctly anticipated the guideline range. Even if the attorney's performance could be deemed deficient, Mr. Ward has not shown prejudice. He is not entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on August 15, 2020.

s/Robert L. Hinkle<br>United States District Judge